# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs November 20, 2013

## IRA ISHMAEL MUHAMMAD v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Hamilton County**
**No. 287348      Rebecca J. Stern, Judge**

---

**No. E2013-00937-CCA-R3-CO - Filed December 9, 2013**

---

The petitioner, Ira Ishmael Muhammad, appeals from the summary dismissal of his petition for writ of error coram nobis, which challenged his 11-year-old Hamilton County Criminal Court jury convictions of attempted second degree murder, two counts of aggravated assault, attempted voluntary manslaughter, and felony reckless endangerment. Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which JERRY L. SMITH and D. KELLY THOMAS, JR., JJ., joined.

Ira Ishmael Muhammad, Whiteville, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Clark B. Thornton, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

In 2002, a Hamilton County Criminal Court jury convicted the petitioner of attempted second degree murder, two counts of aggravated assault, attempted voluntary manslaughter, and felony reckless endangerment for his role in a shooting "on October 26, 2001, outside his then wife's place of business, Kimberly's Hair Salon and Boutique, in Chattanooga. He shot his wife, Kimberly Muhammad, multiple times and endangered their infant son before being apprehended by police officers near Thankful Baptist Church where he was shot once." *See State v. Ira Ishmael Muhammad aka Ira Ishamel Muhammad*, No. E2003-01629-CCA-R3-CD, slip op. at 2 (Tenn. Crim. App., Knoxville, May 10, 2004) (*Muhammad I*). This court affirmed the petitioner's convictions and the accompanying 28-

year effective sentence on direct appeal, *see Muhammad I*, slip op. at 1, and affirmed the denial of the petitioner's subsequent petition for post-conviction relief, *see Ira Ishmael Muhammad v. State of Tennessee*, No. E2007-00748-CCA-R3-PC, slip op. at 1 (Tenn. Crim. App., Knoxville, Feb. 18, 2009) (*Muhammad II*).

In March 2013, the petitioner filed a petition for writ of error coram nobis alleging that newly discovered evidence in the form of newspaper articles from the time of the shooting and the time of his trial entitled him to a new trial. He claimed that the articles evinced an inordinate amount of pretrial publicity that would have, had they been presented to the trial court prior to his trial, caused the trial court to grant his motion for a change of venue. He also claimed that his trial counsel performed deficiently by failing to present the evidence in the trial court and by failing to raise the issue of venue change on direct appeal. The coram nobis court summarily dismissed the petition, concluding that the newspaper articles did not qualify as newly discovered evidence because the petitioner "at all relevant times . . . was aware of publicity" and that, assuming for the sake of argument that the articles did constitute newly discovered evidence, "the new evidence of publicity is inconsequential."

In this appeal, the petitioner contests the summary dismissal of his petition, raising 12 challenges that essentially amount to a claim that the newspaper articles exhibited to his petition for writ of error coram nobis constitute newly discovered evidence that entitle him to a new trial. The State asserts that the evidence is not new and that, even if it was, the petitioner failed to establish that it would have led to a different result.[1]

A writ of error coram nobis is an "extraordinary procedural remedy," filling only a "slight gap into which few cases fall." *State v. Mixon*, 983 S.W.2d 661, 672 (Tenn. 1999) (citation omitted). Coram nobis relief is provided for in criminal cases by statute:

> The relief obtainable by this proceeding shall be confined to errors dehors the record and to matters that were not or could not have been litigated on the trial of the case, on a motion for a new trial, on appeal in the nature of a writ of error, on writ of error, or in a habeas corpus proceeding. Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge

---

[1]The State does not allege that the petition for writ of error coram nobis, filed nearly 11 years after the petitioner's convictions, was time barred.

determines that such evidence may have resulted in a different judgment, had it been presented at the trial.

T.C.A. § 40-26-105(b) (2006); *see State v. Vasques,* 221 S.W.3d 514, 525-28 (Tenn. 2007) (describing standard of review as "'whether a reasonable basis exists for concluding that had the evidence been presented at trial, the result of the proceedings might have been different'") (citation omitted). The decision to grant or deny coram nobis relief rests within the sound discretion of the trial court. *Vasques*, 221 S.W.3d at 527-28.

As indicated, the petitioner exhibited to his petition for writ of error coram nobis newspaper articles about the October 26, 2001 shooting that he contends would have swayed the trial court to grant his pretrial motion for a change of venue. Although the petitioner claimed that he only recently learned of the articles, all were written either near the time of the shooting or during the petitioner's trial. That the petitioner's trial counsel filed a pretrial motion for a change of venue shows that the petitioner and his counsel were aware of the publicity surrounding the shootings well before the petitioner's trial commenced. Consequently, the petitioner has failed to establish that the claimed evidence was newly discovered.

Moreover, the issue of the influence of pretrial publicity in the petitioner's case was fully litigated prior to trial, suggesting that those articles written prior to the petitioner's trial would have been cumulative to any proof submitted in support of the petitioner's pretrial motion for a change of venue. Additionally, his counsel's failure to raise the issue on direct appeal was litigated in his unsuccessful petition for post-conviction relief. In the appeal of the denial of post-conviction relief, we noted that "the petitioner argues that appellate counsel was ineffective for failing to raise the issue because his right to a fair trial was denied based upon the victim's relationship to a local politician and, as a result, the case received attention in the local media" and ruled that the petitioner failed to establish any prejudice stemming from counsel's failure to raise the issue on appeal. *See Muhammad II*, slip op. at 9. We observed that the petitioner's trial counsel testified at the hearing on the petition for post-conviction relief "that he did not feel that the petitioner suffered prejudice as a result of the court's failure to grant the motion" for change of venue and that "the petitioner himself testified that the selected jury panel was questioned regarding the parties and their awareness of the case, and all indicated that they could be fair and impartial." *Id.*, slip op. at 9.

Because the petitioner failed to establish that the newspaper articles qualified as newly discovered evidence, he is not entitled to coram nobis relief. Accordingly, we affirm the judgment of the coram nobis court summarily dismissing his petition for writ of error coram nobis.

_____
JAMES CURWOOD WITT, JR., JUDGE